James A. Bohannon v. Commissioner.
Bohannon v. Commissioner
Docket No. 112144.
United States Tax Court
1943 Tax Ct. Memo LEXIS 175; 2 T.C.M. (CCH) 548; T.C.M. (RIA) 43366; July 29, 1943
*175 Irwin N. Loeser, Esq., National City Bank Bldg., Cleveland, O., Frederick H. Stokes, Esq., 120 Broadway, New York City and Frank E. Barnett, Esq., for the petitioner. Thomas F. Callahan, Esq., and W. K. Wood, Esq., for the respondent. STERNHAGEN Memorandum Findings of Fact and Opinion The Commissioner determined a deficiency of $40,248.55 in petitioner's 1936 income tax, as a result of several adjustments. The petitioner assails the inclusion in his gross income of the value of 45,000 shares which is "explained" in the deficiency notice as follows: It is held that the delivery to you during the taxable year 1936 of 45,000 shares of capital stock of Peerless Corporation pursuant to settlement of litigation in case No. 384643 in the Common Pleas Court of Cuyahoga County, Ohio, constituted a receipt of taxable income under the provisions of Section 22(a) of the Revenue Act of 1936. In addition to the merits, the petitioner pleads estoppel and the statute of limitations. Findings of Fact Petitioner, a resident of Mentor, Ohio, filed his 1936 return on a cash basis in the 18th District of Ohio on July 15, 1937. The deficiency notice was mailed on May 27, 1942. In 1932, Bohannon *176 purchased 112,333 shares of the Peerless Corporation under an option agreement providing for a price of $4.30 per share, less any dividends distributed thereon during the option period. $3A dividend prior to exercise of the option reduced the amount paid to $1.30 a share, a total of $146,032.90. After the purchase in 1932, Bohannon received two dividends of $1 and 50 , the aggregate amount of which was $168,499.50. These dividends exceeded the cost of the shares by $22,466.60. The petition alleges and respondent's answer admits that: (k) The petitioner in his Federal income tax return for the calendar year 1932 reported a profit of $22,466.60 with respect to certain distributions received on 112,333 shares of stock in The Peerless Corporation acquired and held by him during 1932 as set forth hereinbefore. In a petition filed with United States Board of Tax Appeals (Docket No. 90782) on or about September 22, 1937, the petitioner took the position that the said profit of $22,466.60 should be excluded from his taxable income for 1932 on the ground that it had been held by a court of competent jurisdiction that he held this profit as a constructive trustee for the benefit of the stockholders *177 of The Peerless Corporation. (1) Pending final determination of his income tax liability for 1932 the petitioner, in order to protect his rights in the matter, claimed the same $22,466.60 as a deduction in his Federal income tax return for the calendar year 1936, on the ground that he had paid this amount in settlement of a stockholder's suit. The Internal Revenue Agent in Charge at Cleveland disallowed the deduction as claimed for 1936 in a letter dated May 21, 1938. (m) The petitioner's tax liabilities for the calendar years 1932 and 1936 were settled simultaneously by including as taxable income for 1932 the $22,466.60 received by petitioner in that year as distributions in excess of cost on 112,333 shares of The Peerless Corporation stock acquired and held by him during that year, and by allowing the said amount of $22,466.60 as a deduction for the year 1936. (n) The United States Board of Tax Appeals pursuant to a stipulation entered into between the petitioner and the Commissioner of Internal Revenue on or about December 5, 1938 entered an order on December 12, 1938 dismissing the petitioner's appeal with respect to his income tax liability for the calendar year 1932. The *178 petitioner agreed to the stipulation of a deficiency in that case in reliance upon a letter dated December 2, 1938 from the Internal Revenue Agent in Charge at Cleveland, Ohio, stating that in consideration of the settlement of the petitioner's 1932 case for a deficiency of $5,200, and "in further consideration of the settlement of all your income tax liability for the calendar year 1936, on the basis of no tax liability for that year * * *," it was agreed between the petitioner and the said Internal Revenue Agent in Charge that the 6,400 shares of stock of The Peerless Corporation then owned by petitioner (remaining out of the 112,333 shares originally purchased from Bendix) should have no cost basis for income tax purposes. Said deficiency of $5,200, as determined by said final order of the United States Board of Tax Appeals entered on December 12, 1938, plus the legal interest thereon, was thereafter duly paid by petitioner in reliance upon said agreement between petitioner and the Internal Revenue Agent in Charge and upon said final order of the United States Board of Tax Appeals entered pursuant to said agreement. A derivative shareholder's action was instituted in November, *179 1932, by Taylor, a shareholder in Peerless Corporation, against Bohannon to impress a constructive trust in favor of the corporation on the 112,333 shares and on the dividends received thereon. This suit in the Court of Common Pleas of Cuyahoga County, Ohio, came to trial in May, 1935, and resulted in a decree entered May 25, 1935, providing, inter alia: 2. The defendant, James A. Bohannon, is hereby declared to be a Trustee for the defendant, Peerless Corporation (formerly known as Peerless Motor Car Corporation) of One Hundred Twelve Thousand Three Hundred Thirty-three (112,333) shares of the capital stock of said Peerless Corporation, and the sum of Twenty-Two Thousand Four Hundred Sixty-Six and 60/100 Dollars ($22,466.60) in cash, and said defendant Bohannon is hereby ordered and directed to deliver said One Hundred Twelve Thousand Three Hundred Thirty-three (112,333) shares of stock and Twenty-Two Thousand Four Hundred Sixty-Six and 60/100 Dollars ($22,466.60) in cash to the Clerk of the Common Pleas Court of Cuyahoga County, Ohio, on or before June 22, 1935, the deposit of stock and money with the Clerk to be held and disposed of by said Clerk as follows: In the event *180 that no error proceedings or appeal shall be prosecuted from this judgment and decree within the time limited by law, then the Clerk shall deliver to Peerless Corporation said shares of stock and money after the satisfaction of the provisions of paragraph four (4) of this decree. In the event error proceedings and/or appeal shall be prosecuted, the Clerk shall hold said shares of stock and money pending final determination and adjudication of this cause, whether upon appeal or error. In the event this decree and judgment shall not be modified or reversed by any court of superior jurisdiction, then said shares of stock and money shall be delivered to Peerless Corporation after the satisfaction of the provisions of paragraph four (4) of this decree. In the event this decree and judgment shall be modifled or reversed by any court of superior jurisdiction, then said shares of stock and money shall be disposed of in accordance with the judgment of said court. 3. In the event that said Bohannon shall fail to deliver said stock and moneys to the Clerk of this Court on or before June 22, 1935, then judgment is hereby awarded against said defendant Bohannon in favor of the defendant, The *181 Peerless Corporation, in the sum of Two Hundred Forty-Seven Thousand One Hundred Thirty-Two and 60/100 Dollars ($247,132.60) in cash. * * * * *
7. The Court does further order that in the event that the said defendant Bohannon shall deposit One Hundred Twelve Thousand Three Hundred Thirty-Three (112,333) shares of the capital stock of the Peerless Corporation and Twenty-Two Thousand Four Hundred Sixty-Six and 60/100 Dollars ($22,466.60) in cash with the Clerk of this Court on or before June 22, 1935, then the bond in appeal is fixed in the sum of Ten Thousand Dollars ($10,000); otherwise the bond in appeal is fixed at Four Hundred Ninety-Four Thousand Two Hundred Sixty-Five and 20/100 Dollars ($494,265.20) to all of which the defendants, Bohannon and Peerless Corporation except. The decree was affirmed April 23, 1936, by the Court of Appeals in the Eighth Appellate District of Ohio ( ). In May, 1936, a motion was filed with the Supreme Court of Ohio, as a matter of right, to certify the record. Being unable to furnish the required appeal bond, Bohannon deposited 112,333 shares of Peerless Corporation stock *182 (38,000 shares of which he had borrowed), and $22,466.60 cash with the Clerk of the trial court. While this appeal was pending, negotiations for settlement of the litigation were initiated by shareholders and creditors of the Peerless Corporation. The corporation at that time was seriously involved in debt and a debt extension would expire in September or October, 1936. On July 8, 1936, after a conference with the trial judge, a final decree was entered, providing, inter alia: ON CONSIDERATION WHEREOF the Court finds: 1. That all the parties to this case have been dismissed, with the exception of George Taylor on behalf of himself and on behalf of all other stockholders of Peerless Corporation (formerly Peerless Motor Car Corporation), James A. Bohannon and said Peerless Corporation. 2. That all of the aforesaid present parties of this litigation were represented before the Court upon the hearing of said motion, said Peerless Corporation being represented by Cannon, Spieth, Taggart, Spring & Annat, said James A. Bohannon being represented by Calfee and Fogg and said George Taylor, on behalf of himself and on behalf of all other stockholders of the Peerless Corporation being *183 represented by Charles S. Wachner, Esq., and Malcolm E. Molner, Esq. * * * * *
6. That certain large creditors of the Brewing Corporation of America and the Peerless Corporation whose indebtedness against the corporations will mature on September 1, 1936, have advised the corporations that they will not extend or refund said indebtedness at said maturity date unless said litigation is settled and disposed of so that the corporation may present a plan for extending or refunding said indebtedness and attend to the ordinary conduct of its business. 7. That, in consideration of the granting of said motion filed herein to modify and amend the aforesaid decree of this Court, said James A. Bohannon: a. Has agreed to release and has released all claims (including claims for salary, without, however, in any way limiting the generality of the meaning of "claims") which he has against Peerless Corporation and Brewing Corporation of America, except his claim of Ninety-Five Thousand Dollars ($95,000.00), plus interest unpaid, for cash advanced by him to Brewing Corporation of America, and except claims of other creditors acquired by him. b. Being a creditor as aforesaid of said corporations, *184 in the principal sum of Ninety-Five Thousand Dollars ($95,000.00) which amount will fall due on September 1, 1936, has agreed to cooperate with the other creditors and with the management of the Peerless Corporation and the Brewing Corporation of America in effecting an extension or refunding of all of said indebtedness maturing on September 1, 1936 as aforesaid for a maximum period of five years after September 1, 1936, and has agreed, in cooperation with other of said creditors to so extend or refund all indebtedness owing to him from said corporations and to cooperate in procuring such extension or refunding on all claims of indebtedness due from said corporations which he may influence, and c. Has agreed to continue in his present position with the Brewing Corporation of America until September 1, 1936, without compensation, after which time he has agreed to receive such salary from Brewing Corporation of America as its Board of Directors may determine which salary shall be his entire compensation for all services rendered in any capacity to both Peerless Corporation and Brewing Corporation of America. 8. That said James A. Bohannon has heretofore deposited with the Clerk of *185 this Court certificates for One Hundred Twelve Thousand Three Hundred Thirty-Three (112,333) shares of the capital stock of the Peerless Corporation, as well as the sum of Twenty-Two Thousand Four Hundred Sixty-Six Dollars and Sixty Cents ($22,466.60) in cash pursuant to the original decree entered herein as aforesaid and that said stock and cash are now in the custody of said Court. 9. That all of the aforesaid parties to said litigation and also all of the other aforesaid parties who have appeared at this hearing have consented to a settlement of said litigation; that said Peerless Corporation has agreed to dismiss immediately its aforesaid motion to certify and its aforesaid appeal pending in the Supreme Court of Ohio and that said James A. Bohannon has agreed to dismiss immediately his aforesaid motion to certify and his aforesaid appeal pending in the Supreme Court of Ohio; and that all of the aforesaid parties to said litigation and all of the other parties who were present and were represented at said hearing on said motion have agreed that this Court should modify its previous decree herein, as hereinafter provided. 10. That such settlement and modification are for the best *186 interests of all concerned. WHEREFORE, IT IS ORDERED, ADJUDGED AND DECREED that the aforesaid previous decree of this Court herein, be modified and amended in the following respects: 1. The aforesaid shares of stock and money which were, by said James A. Bohannon, deposited as aforesaid with said Clerk of the Common Pleas Court, shall be distributed and disposed of as follows: a. The said defendant, James A. Bohannon, is hereby declared to be a Trustee for the defendant, the Peerless Corporation (formerly known as Peerless Motor Car Corporation) of Sixty-Seven Thousand Three Hundred Thirty-Three (67,333) shares of the aforesaid shares of capital stock of Peerless Corporation and of the aforesaid sum of Twenty-Two Thousand Four Hundred Sixty-Six Dollars and Sixty Cents ($22,466.60). Said Clerk of Courts shall deliver certificates for Sixty-Five Thousand (65,000) shares of said Sixty-Seven Thousand Three Hundred Thirty-Three (67,333) shares of stock to the defendant, the Peerless Corporation, which shall be its absolute property. Said Clerk of Courts shall deliver to said Charles S. Wachner, counsel for George Taylor, plaintiff herein, the certificates for the remaining Two Thousand *187 Three Hundred Thirty-Three (2,333) of said Sixty-Seven Thousand Three Hundred Thirty-Three (67,333) shares of stock and the aforesaid sum of Twenty-Two Thousand Four Hundred Sixty-Six Dollars and Sixty Cents ($22,466.60), which shares of stock and money shall constitute full payment of the fees of plaintiff's counsel and the expenses incurred by plaintiff herein. b. Said Clerk of Courts shall deliver certificates for Ten Thousand (10,000) shares of said stock of the Peerless Corporation to said James A. Bohannon to be his absolutely. c. Said Clerk of Courts shall deliver certificates for the remaining Thirty-Five Thousand (35,000) of said One Hundred Twelve Thousand Three Hundred Thirty-Three (112,333) shares of said stock to Edgar A. Hahn and H. S. Calvert, as Trustees under a Trust Agreement concurrently entered into herewith between the defendant, James A. Bohannon, and said Edgar A. Hahn and H. S. Calvert, as Trustees, said shares of said stock to be held and delivered by said Trustees pursuant to the terms of said Trust Agreement, which is dated the 7th day of July, 1936, a copy of which has been filed with this Court. The trust agreement referred to in the foregoing paragraph *188 1c of the decree described Bohannon as the "Grantor" therein, and stated: "the Grantor does hereby transfer and assign unto the aforesaid Trustees said Thirty-five Thousand (35,000) shares of the capital stock of Peerless Corporation in trust * * *." The stated purpose of the trust was to insure Bohannon's agreement as a creditor with certain refunding plans or creditors' extensions, on failure of which the deposited stock was to be delivered to the corporation; otherwise, on termination of the trust, the shares were to be returned to Bohannon. After entry of the final decree July 8, 1936, the pending appeal in the Supreme Court of Ohio was dismissed. The voting trust agreement was terminated September 18, 1936, and the deposited 35,000 shares were returned to Bohannon. Brewing Corporation of America was a subsidiary of Peerless Corporation. In 1938, the two merged under the title of the former. In 1933, Bohannon had been instrumental in obtaining for the Brewing Corporation the rights to manufacture and sell a Canadian brand of beer and ale. His authorized salary with the Peerless Corporation was $36,000 a year but he voluntarily took less in 1932, 1933, 1934 and 1935, reporting *189 for tax purposes the amount actually drawn. He had a claim of $95,000, plus interest, against the Brewing Corporation for cash advanced, which claim was in November, 1936, settled for cash and stock of the Peerless Corporation. Opinion STERNHAGEN, Judge: The question on the merits is whether Bohannon in 1936 realized income in the delivery to him by the Clerk of the Court of 10,000 Peerless shares and by the voting trustees of 35,000 Peerless shares at the termination of the trust. In the notice of deficiency, which has been quoted above, there is in the explanation no reason given for holding that the delivery to Bohannon of the 45,000 shares constituted taxable income to him. Bohannon had bought these shares among 112,333 covered by the Bendix transaction. The Taylor suit required that these shares be deposited with the Clerk of the Court in lieu of an appeal bond pending the final disposition of the case on appeal. This deposit in custodia legis shifted possession of the shares but did not change ownership until the final decree and then only to the extent of 67,000 shares. The remaining 45,000, which are the subject of this tax determination, were returned in possession *190 to the petitioner as soon as the fianl decree was entered and as soon as the terms of the trust agreement were performed. Thus the entire 45,000 which came back into Bohannon's possession in 1936 must be recognized as having been his property throughout the time that they were on deposit with the Court Clerk pending the final outcome of the Taylor litigation. It is difficult under these circumstances to understand upon what theory the petitioner's reacquisition in 1936 of the possession of 45,000 shares which he had continuously owned since 1932, and which ownership had never been successfully challenged or definitively ended, can be treated as his income in 1936. The Commissioner gives no satisfactory argument to support the determination and relies upon statements appearing in the first disposition of the proceeding in the Common Pleas Court, treating that disposition as definitive. This ignores the fact that after the appeal to the Supreme Court, the trial court's earlier decree, the appeal from which was pending, was modified to release the 45,000 shares here in question. It cannot, therefore, consistently be said, irrespective of the disposition of the other 67,000 shares, that *191 Bohannon was not or had not been the equitable owner of the 45,000. The Commissioner also argues that the 45,000 shares were really received by Bohannon as compensation for claims that he had for salaries and advances of earlier years. This is entirely unsupported by the evidence, even if it had been adequately pleaded. The final settlement agreement was a general release by Bohannon of any and all claims, but this cannot be read as a characterization of the 45,000 shares as compensation for a specific claim either for salary or advances. Indeed the evidence does not support recognition of any claim for unpaid salary; it merely indicates that Bohannon took less than the authorized amount. Bohannon's claim for $95,000 advanced to the Brewing Corporation is also not shown to have been settled by the delivery of the specific 45,000 Peerless shares; and, even if it were, this repayment of an advance would not constitute income. Since we hold that the receipt of the 45,000 shares in 1936 was not within petitioner's gross income, it results that the omission of the value thereof was not the occasion for applying the five-year limitation period of Section 275 (c). There is no need to consider *192 or decide the fair market value of the 45,000 shares and there is also no need to consider whether the stipulation resulting from the earlier proceeding before the Board of Tax Appeals precluded the present determination by the Commissioner. We hold that the Commissioner's inclusion of the 45,000 shares in petitioner's 1936 income was error. Other minor items of adjustment have not been assailed by the petitioner and a recomputation is therefore necessary. Decision will be entered under Rule 50.